UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL V. DOUGHTY,

        Petitioner,                        Case Number 02-10042-BC
                                                    Honorable David M. Lawson

v.

HENRY GRAYSON,

        Respondent.
_____/

## ORDER GRANTING A CERTIFICATE OF APPEALABILITY

This Court has denied Michael V. Doughty's petition for a writ of habeas corpus which was brought pursuant to 28 U.S.C. § 2254. He has now filed a request for a certificate of appealability.

I.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The petitioner raised two main grounds for relief regarding his competency at the time of his plea of nolo contendere: first, that the trial court's determination that the petitioner was competent to enter a plea was not sufficiently supported by the evidence; and second, that the remand for a

*nunc pro tunc* competency hearing was not the proper relief for such an error. The petitioner also argued that his trial and appellate counsel were ineffective for failing to advise him properly on the sentence he would receive if he entered a plea, failed to intercede when the petitioner told the court that he was not taking medication, and failed to raise these issues on appeal.

A.

Under the Due Process Clause, a trial court must hold a competency hearing whenever the evidence before it raises a "sufficient doubt" about the accused's mental competency to stand trial. *Drope v. Missouri*, 420 U.S. 162, 180 (1975). The Court concluded that the petitioner should have received a competency hearing before he was allowed to enter his plea, but that the *nunc pro tunc* hearing on competency held after his conviction was adequate to vindicate the petitioner's rights, and that the state court's determination of competency after the fact was entitled to deference. The Sixth Circuit Court of Appeals has held that a retrospective hearing and determination of the prisoner's competence may provide due process. *Conner v. Wingo*, 429 F.2d 630, 640 (6th Cir. 1970) (noting, however, that "in some circumstances the only appropriate remedy may be issuance of the writ and retrial after a current hearing on competence"). This Court believes that the resolution of this issue is debatable. The Court concludes that the petitioner has satisfied the standard for issuance of a certificate of appealability as to this claim.

B.

The petitioner's ineffective assistance of counsel claims involving his attorney's statements to him about the possible length of his sentence are clearly without merit. The petitioner was provided correct sentencing information by the trial court and indicated, under oath, that no one had promised him a specific sentence if he entered a plea. Furthermore, the petitioner's claim that his

plea bargain was illusory is not debatable among reasonable jurists.

However, the petitioner's ineffective assistance of counsel claim regarding his counsel's failure to request a competency hearing before the plea was entered does deserve further review. The state court of appeals found that counsel was ineffective for failing to request a competency hearing and ordered a *nunc pro tunc* competency hearing to remedy the error. However, reasonable jurists may find it debatable that the petitioner was nevertheless prejudiced by counsel's deficient performance. Thus, the petitioner has satisfied the standard for issuance of a certificate of appealability as to this claim.

II.

Accordingly, it is **ORDERED** that the motion for a certificate of appealability [dkt # 25] is **GRANTED** with respect to the petitioner's claims (1) that his due process rights were violated when he received a *nunc pro tunc* competency hearing years after his *nolo contendere* plea; and (2) that he received ineffective assistance of counsel when his attorney failed to request a competency hearing.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: December 15, 2005

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 15, 2005.

s/Tracy A. Jacobs  
TRACY A. JACOBS